East'n District. for the plaintiff $17 to Dr. F. Montue, and
*March*, 1823. $7 50 to Dr. F. Montue.

BERGEL, f.w.c.
    *vs.*
LANGLAIS.

The plaintiff had judgment for $221 50, with interest from the judicial demand. The defendant appealed.

The plaintiff's counsel urges that the appeal ought to be dismissed, because the matter in dispute does not exceed $300. The plaintiff claims $300 *with interest*, the demand therefore exceeded $300, *by the interest*.

The district judge allowed the plaintiff for 26 months, at $10 per month, and the defendant has a set-off of $38 80.

It does not appear to us that he erred. He heard the witnesses, and did not consider the plaintiff's silence, as a proof of her admission that nothing was due her.

It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.

*White*, for the plaintiff.

———

## LAURAN & AL. vs. HOTZ.

The foreman of a taylor has not a privilege for his salary.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case presents but one question:

East'n District.
*March*, 1823.

LAURAN & AL.
*vs.*
HOTZ.

whether the foreman of a taylor has a privilege on the immoveable property of his employer, for the salary due on the current year?

The party who maintains the affirmative of this proposition, relies on *Civil Code*, 468, *arts.* 68, 73 & 76.

In the 68th article, among other privileges on the property of the debtor, we find enumerated, " the salaries of persons who lent their services (*gens de service*) for the year last past, or what is due for the current year."

The counsel opposed to the exercise of this privilege, insists that these expressions mean domestics, such as cook, *valet de chambre*, coachman, *lacqueys*, and do not apply to the director or superintendant of a tradesman's business. In support of this doctrine he has referred us to the *pandectes françaises*, where it is stated that by the term used in the *Napoleon Code*, " *gens de service*," is meant those who in common parlance are called domestics—*pandectes françaises, vol.* 15, 102. The appellant's counsel has objected to this definition as incomplete; but the doctrine seems perfectly well settled in France. See *Pothier, traite des hypotheques, ed.* 1809, *app. p.* 448; *Persil, Regime hypothecaire, vol.* 1, 68.

East'n District.
*March,* 1823.

LAURAN & AL.
*vs.*
HOTZ.

We are called on to say whether the same meaning should not be attached to the same words in our law; and we think it should. The expression, *gens de service,* seems to have a distinct and specific meaning attached to it in that Code from which ours is borrowed; and we must presume our legislature used it in the same sense, unless the contrary is shown. But this has not been done. There is nothing in the English text directly opposed to this construction, and we the more readily yield to it, because, by the Spanish law, the privilege of servants was coufined to those whom we understand to be domestic servants. *Febrero, juicio de concurso, lib. 3, cap. 3. §3, no. 205.*

It is therefore ordered, adjudged and decreed, that the judgment of the district court, directing Dittmar to be placed on the tableau of distribution as a simple creditor, be affirmed with costs.

*Seghers* for the plaintiff, *Mazureau* for the defendant.